| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. TRAVIS GROB,<br><br>       Plaintiff,<br><br>v.<br><br>PRECISION CABLE ASSEMBLES INC., PRECISIONS CABLE ASSEMBLES (QINGDAO) LLC, GLOBAL ENGINEERED PRODUCTS INC., GEP-POWER PRODUCTS LLC, RYAN SCHMUS, and RICHARD HORKY,<br><br>       Defendants. | Case No. 22-CV-570-JPS<br><br><br>**ORDER** |

**1. INTRODUCTION**

Relator Travis Grob ("Relator") filed a complaint in the above-referenced matter on May 13, 2022. ECF No. 1. On December 12, 2022, the United States filed a notice that it was declining to intervene in the action at that juncture. ECF No. 12. Pursuant to that notice, on December 13, 2022, the Court unsealed the case, and further ordered that the United States "is entitled to intervene in this action, for good cause, at any time[.]" ECF No. 13 at 2.

Now before the Court are several motions: the United States' expedited motion to intervene, ECF No. 20, which will be granted; Defendants Global Engineered Products, Inc.'s ("GEP") and Precision Cable Assemblies, Inc.'s ("PCA") motion to quash or deem moot Civil Investigative Demands issued to them by the United States, ECF No. 18,

which will be denied as moot; and two motions, by all five Defendants, related to procedural concerns arising from briefing on the United States' motion to intervene, ECF Nos. 27 and 34, which will both be granted and are explained below where pertinent. The Court turns first to the United States' motion to intervene in this action.

**2. UNITED STATES' MOTION TO INTERVENE**

Even after the United States initially elects not to intervene in a False Claims Act relator action, "the court . . . may nevertheless permit the Government to intervene at a later date upon a showing of good cause." 21 U.S.C. § 3730(c)(3). "The [False Claims] Act does not define 'good cause,' but courts have found good cause in cases where the government realized the magnitude of the alleged fraud was much larger than it had originally anticipated; where the government received additional and new evidence about the case; and where intervention would protect the interests of the relators." *United States v. Aseracare, Inc.*, No. 2:09-CV-0627-KOB, 2012 WL 5289475, at *2 (N.D. Ala. Oct. 24, 2012) (collecting cases); *see also United States ex rel. Lazar v. S.M.R.T., LLC*, No. 318CV00822BENBGS, 2021 WL 5014284, at *1 (S.D. Cal. Oct. 28, 2021) ("Courts have found good cause can be demonstrated in several ways, including a showing of changed circumstances, the discovery of additional information, or a variety of other factors."). "Even without new information, Courts will permit intervention if it would not be unduly prejudicial to the defendant or cause undue delay. . . . The good cause requirement is designed to protect the interests of the relator." *Lazar*, 2021 WL 5014284, at *1 (internal citation omitted).

The United States moves to intervene in this case, despite its initial declination, because through continued investigation, it "obtained additional documents and information from third parties that support the

Page 2 of 9

Case 2:22-cv-00570-JPS   Filed 02/09/23   Page 2 of 9   Document 36

allegations that Defendants violated the False Claims Act by fraudulently underpaying customs duties owed on goods imported from China." ECF No. 20 at 1. Additionally, the United States points out that Relator does not object to intervention and argues that "intervention at this early stage of the case is appropriate because it will not prejudice the parties or impact the Court's calendar." *Id.* at 2.

Defendants oppose[1] the intervention, arguing that the United States is required to adduce "new, probative evidence to establish good cause" and to describe such evidence "with particularity" in its moving papers. ECF No. 28 at 4–5. Defendants take issue with the United States' brief description of the evidentiary basis of its motion, and speculate that, from the time of its declination to the time of its motion to intervene (a time period that included four holidays), it is implausible that the Government uncovered sufficient evidence to meet the good cause standard as Defendants have characterized it. *Id.* Finally, Defendants argue intervention would prejudice them, would be futile because "Defendants have repaid their debt to the Government long before this action was ever filed," and would offend public interest. *Id.* at 7–9.

Defendants' arguments are unpersuasive. Defendants urge a stringent reading of the "good cause" standard that is not clearly supported

---

[1] Defendants state their opposition in a ten-page brief, and—acknowledging this filing is longer than what the Local Rules permit as a response to an expedited motion—seek leave of court to file an oversized brief. The oversized brief is properly before the Court, *see infra* Section 4, and the Court has considered it in its entirety. The United States opposes Defendants' motion for leave to file this opposition brief, ECF No. 29, and in doing so, improperly advances substantive arguments in favor of its motion to intervene, which the Court has disregarded. *See infra* Section 4. Nonetheless, the analysis and result on the United States' motion to intervene remain the same.

by the case law they cite. *See id. generally* (citing *United States v. Aseracare, Inc.*, No. 2:09-CV-0627-KOB, 2012 WL 5289475 (N.D. Ala. Oct. 24, 2012); *United States ex rel. Hall v. Schwartzman*, 887 F. Supp. 60 (E.D.N.Y. 1995); *United States ex rel. Liebman v. Methodist Le Bonheur Healthcare*, No. 3:17-cv-0902 (M.D. Tenn. Oct. 8, 2021); and *United States ex rel. Odom v. Se. Eye Specialists, PLLC*, No. 3:17-cv-689 (M.D. Tenn. September 30, 2020)). It is true that in each case the United States presented, and the courts examined, particular new evidence in determining whether to allow the United States to intervene. However, none of these cases states that a definitive evidentiary standard must be met, or requires in *every* instance that the United States specifically enumerate its evidentiary basis for intervention. *See also Griffith v. Conn*, No. 11-157-ART-EBA, 2016 WL 3156497, at *3 (E.D. Ky. Apr. 22, 2016) (describing good cause standard as a balancing test).[2]

    The Court is persuaded that the United States' statement that it has uncovered new evidence, while bare, is sufficient to support intervention at this time. This conclusion is bolstered by Relator's lack of opposition and the early stage of this case. Defendants' arguments that they are prejudiced by the United States' intervention because Relator's complaint lacks merit are more properly raised in Defendants' responsive pleading.

    For these reasons, the United States will be permitted to intervene in this action. Accordingly, the Court will order that the United States'

---

[2] Further, the *Southeast Eye Specialists* case on which Defendants heavily rely is distinguishable (not to mention not binding on this Court) because there, the United States sought to intervene many months after initially declining to do so and, moreover, after having more than two years to investigate prior to the intervention deadline. *See United States ex rel. Odom v. Se. Eye Specialists, PLLC*, No. 3:17-cv-689, ECF No. 105 at 12 (M.D. Tenn. Feb. 26, 2021). The present action is far from such a posture, due in part to the Court declining in December 2022 to grant the United States' requested extension of the seal.

complaint in intervention be filed within **forty-five (45) days** of the date of this Order; Defendants' responsive pleading will be due thereafter as provided by the Federal Rules of Civil Procedure.

3. **CERTAIN DEFENDANTS' MOTION TO QUASH OR DEEM MOOT THE UNITED STATES' CIVIL INVESTIGATIVE DEMANDS**

Prior to the United States' motion to intervene, on December 20, 2022, Defendants GEP and PCA filed a motion to quash or deem moot Civil Investigative Demands (CIDs) issued to them by the United States on November 15, 2022. ECF No. 19 at 3. These Defendants argue that the United States can no longer seek enforcement of the CIDs because it has declined to intervene in the case. *Id.* at 7–9. The United States responds that, if its motion to intervene is granted, it will not seek compliance with the CIDs because discovery will otherwise proceed under the Federal Rules of Civil Procedure. ECF No. 21 at 1–2. The United States further notes that, because the CIDs were properly issued and served *before* its intervention deadline, these Defendants are not at liberty to disregard them now despite the United States' prior decision not to intervene. *Id.* at 1 n.1.

Because the Court will permit the United States to intervene in this case, these Defendants' motion is moot and will be denied. The Court notes parenthetically that Defendants' apparent position that the CIDs (which were properly issued in the first instance, *see* 31 U.S.C. § 3733(a)(1), and which Defendants did not challenge at the time of receipt, *see id.* at § (j)(2)) became unenforceable at the moment the United States declined to intervene does not hold water. Defendants' position is not supported by the text of the statute, and in practice could allow similarly-situated parties to defer answering properly-issued CIDs indefinitely until a case is unsealed.

Page 5 of 9

Case 2:22-cv-00570-JPS    Filed 02/09/23    Page 5 of 9    Document 36

The Court further cautions the parties that it has little patience for resolving discovery disputes and expects greater collaboration between the parties as this litigation proceeds. *See generally* ECF No. 14 (Pretrial Procedures Order).

4.  **DEFENDANTS' ANCILLARY MOTIONS**

Defendants filed a motion for leave to file a brief in opposition to the United States' motion to intervene that exceeded the three-page limit specified in Civil Local Rule 7(h), ECF No. 27, together with an opposition brief that is ten pages long, ECF No. 28. Defendants argue that, since they are each individually entitled to file a three-page response, and "[g]iven the interrelated facts between the Defendants, the complexity of the issues, . . . and for the convenience of the Court and the parties," they should be allowed to file a single consolidated brief that does not exceed the total number of pages each Defendant is allowed (i.e., is less than eighteen pages). ECF No. 27 at 3; *see also* ECF No. 34 at 2, n.1 (discussing number of defendants). The United States opposes Defendants' motion on grounds that it is procedurally improper. ECF No. 29 at 2 ("Procedurally, when a party seeks leave to file a brief that exceeds the page limits imposed by the Local Rules, that oversized brief must be 'filed as an attachment to the motion requesting leave to file.'") The United States' brief in opposition goes on to raise substantive arguments in response to Defendants' position on its motion to intervene—i.e., the United States uses its brief as a reply brief, although reply briefs are not permitted in expedited motion practice under Civil Local Rule 7(h). *See generally id.*

The Court agrees that Defendants' brief was not filed in compliance with the local rules, but disagrees that Defendants' technical failure is sanctionable. The Court will excuse Defendants' faux pas, grant their

Page 6 of 9

Case 2:22-cv-00570-JPS    Filed 02/09/23    Page 6 of 9    Document 36

motion for leave to file a consolidated opposition brief, and permit the opposition brief to remain on the docket. Defendants should take care to familiarize themselves with the local rules and avoid such errors in the future.

Defendants additionally move to strike the United States' opposition to the above-referenced motion for leave, due to the fact that it raises substantive arguments that pertain to a different motion. ECF No. 34 at 3–4. "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994) ("[I]t is within the district court's discretion to strike an unauthorized filing."). The Court agrees that the United States' filing contains immaterial and impertinent matter to the extent it addresses the merits of the United States' motion to intervene and Defendants' brief in opposition thereto. Defendants' motion to strike will therefore be granted in part; the United States' opposition brief at ECF No. 29 will be stricken in part as stated above.

Finally, the Court addresses two matters Defendants have raised. First, Defendants request—in a footnote in their brief in opposition to the United States' motion to intervene—to unseal certain filings in this case. ECF No. 28 at 3 n.3. However, the Court takes no action on this request at this time. Defendants may seek such filings from the United States in discovery or make such a request to the Court via formal motion. Second, it appears Defendants did not receive a copy of the Order unsealing this case. ECF No. 19 at 4. Relator was ordered to serve his *qui tam* complaint and the Order unsealing the case on Defendants, but was not given a particular deadline by which to do so. *See* ECF No. 13 at 2. The Court is therefore not concerned at this time that Relator acted improperly, but it

Page 7 of 9

Case 2:22-cv-00570-JPS    Filed 02/09/23    Page 7 of 9    Document 36

should go without saying that this Court's orders are not optional, and, moving forward, the parties must carefully ensure they are complying with those orders and the applicable procedural rules.

5.  **CONCLUSION**

All pending motions in this case are resolved as set forth in this Order. As a final matter, Court notes it has not received a joint Rule 26 plan from the parties as required by its Pretrial Procedures Order. *See* ECF No. 14 at 2. To afford Defendants adequate time to review the complaint in intervention and for the parties to confer about discovery needs and motion practice, the Court will order that the joint Rule 26 plan must be filed within **fourteen (14) days** of the date the United States files its complaint in intervention.

Accordingly,

**IT IS ORDERED** that the United States' expedited motion to intervene in this action, ECF No. 20, be and the same hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the United States shall file its complaint in intervention within **forty-five (45) days** of the date of this Order;

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file excess pages and file a consolidated opposition brief, ECF No. 27, be and the same is hereby **GRANTED**; the consolidated opposition brief at ECF No. 28 shall remain docketed;

**IT IS FURTHER ORDERED** that Defendants' motion to strike the United States' brief in opposition to Defendants' motion, ECF No. 34, be and the same is hereby **GRANTED in part**; the United States' brief in opposition, ECF No. 29, shall be stricken in part to the extent it addresses

the merits of the United States' motion to intervene and Defendants' brief in opposition thereto;

**IT IS FURTHER ORDERED** that Defendants Global Engineered Products, Inc.'s and Precision Cable Assemblies, Inc.'s motion to quash or deem moot Civil Investigative Demands issued to them by the United States, ECF No. 18, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties jointly prepare and file a Rule 26 plan within **fourteen (14) days** of the date the United States files its complaint in intervention.

Dated at Milwaukee, Wisconsin, this 9th day of February, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge